Jasen, J. (dissenting).
Appellant was charged with ‘‘ Conduct Unbecoming a Teacher” and “Insubordination”. The latter charge consisted of two counts: the first alleged that writing and circulating the letter was an insubordinate act; and the second count arose out of appellant’s refusal, unless aided by counsel, to answer questions asked by the Superintendent of the District (to wit, whether appellant had circulated the copies of the letter and whether this had been done on school time).
Appellant was found guilty of all charges and was suspended for seven and a half months on the charge of 1 ‘ Conduct Unbecoming a Teacher ’ ’ and for seven and a half months on each count of “Insubordination”, such suspensions to run concurrently.
Since distribution of the letter was limited to the school system, and its contents were within the free speech protection laid down in Pickering v. Board of Educ. (391 U. S. 563), I agree with the holding of the majority insofar as it reverses appellant’s suspension for writing and circulating the letter.
*1000 However, as to the second count of insubordination (i.e., refusing to answer the Superintendent’s questions about the letter), I would affirm.
The Superintendent of Schools is the chief supervisory officer of the district and as such has a legitimate interest in the activities of the students, faculty and administration. Further, he has a duty to make inquiry into matters involving the district which warrant investigation.
Here, the Superintendent considered that the letter in question and its distribution to the School Board, the administrative officials and teachers, partly through the interschool mail system; required investigation. The charges made in the letter, if true, might have warranted action by the Superintendent to correct them. Furthermore, it was proper for the Superintendent to investigate whether the circulation of the letter was being carried on through school facilities on school time. Petitioner’s signature on the letter indicated that the inquiry might properly begin with him.
However, appellant thwarted the investigation by refusing to answer any questions without the aid of counsel.
It is clear that appellant had no right to have counsel present while he was being questioned by his superior about matters relating to the school district and his employment activities. (Matter of Groban, 352 U. S. 330; Anonymous v. Baker, 360 U. S. 287; Madera v. Board of Educ., 386 F. 2d 778, cert. den. 390 U. S. 1028.) It is equally apparent that since the answers to these questions would not have subjected appellant to criminal punishment and were directly related to his employment, he was under a duty to answer them. (Gardner v. Broderick, 392 U. S. 273; Beilan v. Board of Educ., 357 U. S. 399.) Hence, the board was completely justified in finding appellant insubordinate.
"While the Constitution protects the individual’s right to freedom of expression, it does not sanction every activity which may be tangentially related to that expression.
Chief Judge Fuld and Judges Burke, Bergan and Breitel concur in memorandum; Judge Jasen dissents and votes to affirm in an opinion in which Judge Scileppi concurs.
Upon reargument: Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the memorandum herein.